# EXHIBIT A





Statebridge Company, LLC
5680 Greenwood Plaza Blvd, Suite 100S
Greenwood Village CO 80111

## TRIAL REPAYMENT AGREEMENT

This Trial Repayment Agreement ("Agreement") is made as of 08/06/2014. As used in this Agreement, the words "you" and "your" mean Kou Liang Wu and "we", "us" and "our" mean Statebridge Company, LLC. This Agreement is intended to provide you with additional time for the payment of your loan secured by the Mortgage dated 12/18/2003 ("Loan"). The current principal balance of your loan is $208,660.15 and you owe $98,868.26 in past due interest and advances.

**Property address:** 3131 South Michigan Ave, Chicago IL 60616
**Statebridge Loan Number:** 0000014371

You have requested that we enter into this Agreement to hold our foreclosure in abeyance. Although we want to help you, we are not able to discontinue foreclosure until your Loan is brought current. In consideration of the mutual promises in this Agreement, you and we agree as follows notwithstanding anything to the contrary contained in the note or mortgage evidencing your Loan:

1. You acknowledge that default occurred and your Loan has been properly accelerated and is fully due and payable.

2. You and we agree that your Loan will be reviewed for a permanent modification if the following payments are made, in certified funds:

    Three trial monthly payments of $1,148.79 each beginning 11/01/2014 and the same day each month after that as detailed on the attached Trial Payment Schedule. Your trial monthly payments include interest, principal and escrow payments to cover taxes, insurance premiums, assessments and other escrow items ("Escrow Payment")

    The deposit and trial payments are to be mailed to:

    - Statebridge Company, LLC, 5680 Greenwood Plaza Blvd, Suite 100S, Greenwood Village CO 80111

    Payments by an overnight delivery service such as FedEx or UPS are to be sent to:

    - Statebridge Company, LLC, 5680 Greenwood Plaza Blvd, Suite 100S, Greenwood Village CO 80111

    - Once you timely complete this payment schedule, your Loan will be permanently modified as of the date of your last trial payment, unless there is a material adverse change in your financial

status. A payment will be considered to be "timely" if we receive it before the date we can charge you a late charge as provided in the note evidencing your Loan.

Your permanent modification will be as follows:

Your monthly installments of principal and interest will be approximately $733.36 starting on 02/01/2015 and the same day each month after that. You will additionally have to make an Escrow Payment. We will provide you with notice of the amount of your Escrow Payment. Your current Escrow Payment is $415.43. If your Escrow Payment remains the same when your permanent modification becomes effective, then your total monthly payment for principal and interest plus your Escrow Payment will approximately be $1,148.79. Your actual total monthly payment may vary depending on the actual amount of your Escrow Payment and other items owed as of modification date.

You are also required to make a down payment for $5,000 due by 8/20/2014.

Your monthly payment was calculated by applying your interest rate as if your principal balance was $173,047.77. This means that we have deferred payment of $102,000.00 of principal, past due interest and escrow advances (the "Deferral Amount"). As long as you are not in default on your Loan, we will not charge you interest on the Deferral Amount. The Deferral Amount will become due at the earlier of a.) the modified maturity date, b.) the sale of the property, c.) upon refinancing the modified mortgage, or d.) the loan is paid in full, at which time the deferral amount will be due in full.

The interest rate on your Loan will be fixed for the first 60 months. Your interest rate for the first 60 months after your Loan is permanently modified will be 3.000%. Your interest rate will be changed one time as of the first day of the 61st month after your Loan is permanently modified. The new interest rate will based on the terms of your original Note.

3. We agree to suspend further foreclosure action so long as you make all payments required by this Agreement. You agree that our suspension of foreclosure action will not affect any of our rights to continue our foreclosure action against you and your property and will not be deemed to be a waiver of our rights to continue our foreclosure action if you don't make all payments required by this Agreement.

4. **You understand that until you bring your Loan current, it will be in default and will continue to be reported to consumer reporting agencies as delinquent.**

5. If you seek protection by filing relief under Bankruptcy, this Agreement will automatically no longer be effective and your Loan governed by the note and mortgage evidencing your Loan as if this Agreement had not been entered into.

6. All money paid to us under this Agreement is not refundable. The deposit and trial payments may be applied first to your escrow reserve account before reducing the principal that you owe on your Loan.

7. If you fail to meet all of your obligations under this Agreement, including timely making the deposit and your trial payments:

Your Loan will remain in default and be your Loan governed by the note and mortgage evidencing your Loan as if this Agreement had not been entered into.

You will be deemed to have waived any statute of limitations related to acceleration of your Loan.

We will have the right to continue foreclosure of the mortgage securing your Loan without further notice to you, except as required by applicable law. You waive any claim or defense that our suspension of our foreclosure action in any way affects our right to continue foreclosure of the mortgage securing your Loan.

8. You must also comply with all of your other obligations in the mortgage securing your Loan such as making all payments of taxes, insurance premiums, assessments, and other escrow items.

9. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the note or mortgage evidencing your Loan. Except as otherwise specifically provided in this Agreement, the note and mortgage evidencing your Loan will remain unchanged, and you and us remain subject to all of their terms and provisions.

_____
Kou Liang Wu

Statebridge Company, LLC

_____
Borrower Signature

By: _____

Name: _____

Title: _____

The State of _____

County of _____

BEFORE ME, the undersigned, a Notary in and for said County and State, on this day personally appeared_____ an individual or individuals, known to me to be the same person(s) whose name is subscribed to this instrument and acknowledged to me that this instrument was executed for the purposes and consideration therein expressed.

GIVEN UNDER my hand and seal of office this _____ day of _____ 2014.

_____
Notary Public in and for_____
County, State of _____

# EXHIBIT B



## Loan Modification Agreement

This loan modification agreement (the "Agreement") is made and entered on this 24th day of February, 2015 by and between Statebridge Company LLC as servicer (Servicer) and attorney in fact for Wilmington Savings Fund Society, FSB, Not Its Individual Capacity But Soley As Trustee Of The Primestar-H Fund I Trust (Creditor) and Kou Liang Wu (Borrower). Together, the Borrower and the Servicer are referred to herein as "the Parties".

### RECITALS

The Parties enter into this Agreement with reference to the following stipulated facts:

A.  On December 18, 2003 Borrower purchased, re-financed or otherwise obtained or maintained an interest in a certain real property in Cook County, IL. In connection with this real property transaction the Borrower obtained a certain promissory note dated December 18, 2003 in the original principal amount of $232,000.00 ("Note").

B.  The Note was and is secured by a deed of trust, mortgage, applicable riders, addenda or other security instrument ("Security Instrument"), dated December 18, 2003 and recorded January 22, 2004 as Instrument No.:0402242030 in the official records of Cook County, IL as a lien against the real property described in the Security Instrument, and located at 3131 South Michigan, Chicago IL 60616. (the "Subject Property"), and is more specifically described as:

See exhibit A.

*TAX ID #: 17-34-102-051-1084*

C.  Borrower is the current owner of record of the Subject Property. No other persons or business entities have ownership, management or control of the Subject Property. Borrower has not assigned, transferred, mortgaged or hypothecated the Subject Property or any fee estate therein, nor the rents, income and profits of the Subject Property as may be described in the Security Instrument, except as set forth in these recitals.

D.  Borrower acknowledges that Servicer is authorized to enter into this Agreement on behalf of the Note holder and mortgagee.

E.  Borrower has requested that the Servicer modify the terms of the Note and Security Instrument (hereinafter "Loan"). The Servicer has agreed to do so pursuant to the terms and conditions stated in this Agreement.

### AGREEMENT

Now, therefore, the parties agree as follows:

1.  **Note Modifications**

    a. **Outstanding Debt:**

---

Statebridge Company, LLC  5680 Greenwood Plaza Blvd, Suite 100S  Greenwood Village CO 80111   www.statebridgecompany.com
303.962.6753



Borrower agrees to the following:

    i. The unpaid principal balance due on the Note is $207,259.05

    ii. The delinquent interest owed is $48,706.10

    iii. The total of other fees owed is $4,530.23

If the estimated deposits for unpaid property taxes or insurance premiums exceed the amounts required, the excess deposit amount will be applied to reduce the New Balance. Interest will accrue on the New Balance at the interest rate, whether adjustable, variable or fixed, per the terms of the Note unless modified in this agreement.

b. **The Note Balance:** The Note Balance will be adjusted to $173,029.43. This means we have forgiven $102,000.00 of principal. Any amount forgiven may be reported to the IRS.

c. **The Interest Rate:** The interest rate on your Loan will be a fixed rate of 3.00% for 60 months. As of the first day of the 61st month after your Loan is modified, your interest rate will re-set to 6.00% for the remaining term of your loan. We will then recalculate the amount of your monthly payment so that it will be sufficient to fully repay your Loan in substantially equal monthly payments over the remaining term of your Loan. We will give you notice of the change in your interest rate. All other terms and provisions on the Note and Security Instrument providing for or relating to any change or adjustment in the rate of interest payable, under the Note survive this Agreement and remain in full force and effect.

d. **The Maturity Date will be:** February 1, 2045.

e. **The Monthly Payments:** Starting on March 1, 2015 your monthly installments of principal and interest will be $729.50. You will additionally have to make an Escrow Payment. Your Escrow Payment is $310.88 and your total monthly payment is $1,040.38.

f. **Payments; Delivery of Payments.** The Borrower promises to pay the New Monthly Payment, to the order of Statebridge Company, LLC. Borrower(s) shall make the Monthly Payments described herein to Statebridge Company, LLC. at 5680 Greenwood Plaza Blvd, Suite 100S, Greenwood Village CO 80111, or at such other place that Statebridge Company, LLC. may designate.

2.    **Establishment of Escrow Account:** Borrower acknowledges per item 1c above that Statebridge will require an escrow account to be established for the collection of property taxes and insurance premiums if such an account is not already in existence. Borrower has been notified of estimated initial monthly amount that will be due for taxes and insurance and will be notified after execution hereof of the final monthly amounts that will be due for these items, if different. Borrower will be notified of any subsequent changes as they occur.

3.    **Entire Agreement:** Except as expressly modified by this agreement, all of the covenants, agreements, stipulations and conditions in the original Note remain in full force and effect. None of the

Statebridge Company, LLC    5680 Greenwood Plaza Blvd, Suite 100S   Greenwood Village CO 80111    www.statebridgecompany.com
303.962.6753



Borrower's obligations or liabilities under the Security Instrument shall be diminished or released by any provisions herein, nor shall this Agreement in any way impair, diminish or affect any of the Borrower's rights or remedies in the Security Instrument, whether such rights or remedies arise herein or by operation of law. This agreement constitutes the entire agreement between the parties regarding the subject matter hereof. Except as otherwise provided herein, this agreement supersedes all prior agreements, understandings, negotiations and discussions, whether written or oral, of the parties hereto, relating to the Note and Security Instrument.

4. **Voluntary Execution:** Borrower is encouraged to review this Agreement with his/her legal advisor prior to signing it, but by signing below Borrower acknowledges and agrees that Borrower has voluntarily signed this Agreement. Borrower agrees to execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of the agreement or (ii) correct the terms and conditions of this agreement if an error is detected after execution of this agreement. Borrower understands that a corrected Agreement will be provided to Borrower and that this Agreement will be void and of no legal effect upon notice of such error. If Borrower elects not to sign any such corrected Agreement, Borrower agrees that the terms of the original loan documents shall continue in full force and effect; such terms will not be modified by this Agreement.

5. **Acceleration Upon Unauthorized Transfer.** The acceleration terms under the Note and Security Instrument are incorporated herein by reference.

6. **Effect of this Agreement.** Except to the extent that they are modified by this Agreement, the Borrower(s) hereby reaffirm all of the covenants, agreements and requirements of the Note and Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obliged to make under the Security Instrument. Borrower(s) further agree to be bound by the terms and provisions of the Note and Security Instrument, as modified hereby. Borrower understands that all of the rights and remedies, stipulations and conditions contained in the Security Interest relating to default shall also apply to the modified note.

7. **No Release.** Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and/or Security Instrument. Except as expressly provided in this Agreement, all of the terms, covenants agreements and the Note and Security Instrument will remain unchanged and the Parties will be bound by, and comply with, all of the terms and provisions of the instruments, as amended by this Agreement.

8. **Warranties.** Borrower does hereby represent and warrant that the above described Note is valid and enforceable in all respects and is not subject to any claims, defenses or right of offset or credit except as herein specifically provided. Borrower does further hereby extend all liens and security interests on all of the Subject Property and any other rights and interests which now or hereafter secure said Note until said Note as modified hereby has been fully paid, and agree that this modification and extension will in no manner impair the Note or any of the liens and security interests securing the same and that all of the liens, equities, rights, remedies and security interests securing said Note shall remain in full force and effect and shall not in any manner be waived. Borrower further agrees that all of the terms, covenants, warranties and provisions contained in the original Note and Security Instrument are now and shall be and remain in full force and effect as therein written, except as otherwise expressly provided herein, until the Note is paid in full and all other obligations under the Security Instrument are fulfilled.



9. **Further Assurances.** Borrower does further state and warrant that all of the recitals, statements and agreements contained herein are true and correct and that Borrower is the sole owner of the fee simple title to all of the Subject Property securing the Note.

10. **Acknowledgment by Borrower.** As part of the consideration for this Agreement, Borrower agrees to release and waive all claims Borrower might assert against Servicer and or beneficiary, and arising from any act or omission to act on the part of Servicer's or beneficiary's agents, officers, directors, attorneys, employees and any predecessor-in-interest to the Note and Security Instrument, and which Borrower contends caused Borrower damage or injury, or which Borrower contends renders the Note or the Security Instrument void, voidable, or unenforceable. This release extends to any claims arising from any judicial foreclosure proceedings or power of sale proceedings if any, conducted prior to the date of this Agreement. Borrowers have and claim no defenses, counterclaims or rights of offset of any kind against Note Holder or against collection of the Note.

11. **Bankruptcy Considerations.** Notwithstanding anything to the contrary contained in this Agreement, the Parties hereto acknowledge the effect of a discharge in bankruptcy that may have been granted to the Borrower prior to the execution hereof and that the Note holder may not pursue the Borrower for personal liability. However, the Parties acknowledge that the mortgagee/beneficiary retains certain rights, including but not limited to the right to foreclose its lien against the Subject Property under appropriate circumstances. The Parties agree that additional consideration for this Agreement is the Servicer's forbearance from presently exercising the rights and remedies of the Note holder and mortgagee under the Security instrument. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability, if the Borrower has obtained a discharge of that liability from a United States Bankruptcy Court.

12. **Costs.** All costs and expenses incurred by Servicer and/or Note Holder in connection with this Agreement, including recording fees and title examination, shall be paid by the Borrower and shall be secured by the Security Interest, unless stipulated otherwise.

**In witness whereof, the undersigned have executed this Modification Agreement as of the date first above written.**



### STATEBRIDGE

BORROWER(S):

Date: 3-27-2015

_____
Kou Liang Wu

_____      _____
Witness Signature                Witness Signature
Rebecca Wu                       Bihy Ying Wu
Print Name                       Print Name


STATE OF _____IL_____ )
                        )ss:
COUNTY OF ___Cook___    )

On __3/27/2015__, before me, __Kelly Jiang__, a Notary Public in and for said State, personally appeared Kou Liang Wu proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Signature of Notary

My commission expires: __7/23/2018__

```
OFFICIAL SEAL
KELLY JIANG
Notary Public - State of Illinois
My Commission Expires Jul 23, 2018
```

---

Statebridge Company, LLC — 5680 Greenwood Plaza Blvd, Suite 100S  Greenwood Village CO 80111  www.statebridgecompany.com
303.962.6753



*Statebridge Company, LLC attorney in fact and servicer for Creditor*

**Signature:**_____ **Date:**_____

**Name:**

**Title:**

STATE OF COLORADO          )
                           )ss:
COUNTY OF                  )

On _____, before me, _____, a Notary Public in and for said State, personally appeared_____ proved to me on the basis of satisfactory evidence to be the person(s) whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
Signature of Notary

My commission expires: _____

Statebridge Company, LLC    5680 Greenwood Plaza Blvd, Suite 100S  Greenwood Village CO 80111    www.statebridgecompany.com
303.962.6753