IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 18 CR 852 |
| v. ) | |
| ) | Hon. Rebecca R. Pallmeyer |
| RAYMOND WU ) | |

DEFENDANT RAYMOND WU'S MOTION FOR
MODIFICATION OF CONDITIONS OF BOND

Defendant RAYMOND WU, by the FEDERAL DEFENDER PROGRAM and its attorney DANIEL J. HESLER, moves this Court to modify the conditions of bond for Mr. Wu. Mr. Wu has now been on bond for over six months. The time has been uneventful. Some of the conditions that seemed necessary last April are no longer necessary now. In support of this motion, defendant states the following:

1. Essentially, this is a financial fraud case. On December 18, 2018, Mr. Wu was arrested in Los Angeles. He was removed to this district in custody. The government sought to have him detained on the grounds that he was a risk of flight and a danger to the community.

2. On April 3, 2019, Mr. Wu was released on $300,000 secured bond, with conditions including home incarceration with EM. Trial is currently set for April 6, 2020. Mr. Wu's initial bond conditions also included requirements that 1) he not use a phone except to communicate with his attorney, his parents, and his sister; and 2) he not access any device that has internet access including an iPad, a computer, or a smart phone.

1

3. The command of the bond statute, at 18 U.S.C. §3142(c)(1), is that a defendant should be released on the least restrictive conditions necessary to ensure the appearance of the defendant and the safety of the community.

4. There are three aspects of the bond conditions in this case that the defense would like to revisit. They have to do with 1) movement, 2) phone use, and 3) internet access. They can be addressed separately and independently.

5. With respect to movement, one of the government's initial concerns was risk of flight. The home incarceration condition primarily addresses that concern. Mr. Wu is a citizen. He could be facing a substantial sentence in this case, but he understands that. More significantly, the past six months give this Court experiential information that this Court did not have last April; that when released, Mr. Wu has come to court as directed, stayed where he is supposed to be, not had any further allegations of wrongdoing, and done what he has been ordered to. While release on home incarceration may have seemed like the least restrictive condition feasible in April, it is now apparent that such a condition is no longer necessary, and that less restrictive conditions would suffice. Therefore, it is requested that Mr. Wu's EM condition be changed to curfew status. Clearly, Mr. Wu is not fleeing. He would like to be able to work out, visit the library, and attend to some health care needs. He would also like to get at least a part time job; he is living off of his parents, and he would like to contribute to the household. He would like to get a job that does not involve handling anyone else's money or personal information. Because there is no sign that he is a risk of flight, and because it would be a good use of his time, it is respectfully requested that home incarceration be modified to a curfew, with

hours to be set by pretrial services. (Typically, the hours might be 7:00 a.m. to 7:00 p.m., with adjustments made for work schedules. But pretrial services should be permitted to set the hours.) He would remain on electronic monitoring.

6. The second area of bond conditions has to do with telephone use. Mr. Wu would like to be able to use a phone for general purposes. It would be understood that Mr. Wu still cannot contact, call, or communicate anyone who could be labeled a victim in this case except through counsel. Mr. Wu suggests the following language:

> The condition of release prohibiting phone use is modified to permit Mr. Wu to use a telephone, with the exception that he may not contact directly or indirectly anyone the government has identified as a victim of this offense except through counsel.

7. The third area of bond restrictions that Mr. Wu would like to revisit is internet access. Again, Mr. Wu has no problem with the idea that he should be prohibited from contacting any possible victim in this case. Mr. Wu would like to be able to use the internet for the normal purposes people use the internet, to communicate with his counsel, and to assist in the preparation of his case for trial and/or sentencing. The following condition is proposed:

> The condition of release prohibiting internet access use is modified to permit Mr. Wu to access the internet, with the exception that he may not contact directly or indirectly anyone the government has identified as a victim of this offense except through counsel.

8. Furthermore, as an added safeguard, the defense has no objection to adding the following catchall provision to his bond conditions:

> Mr. Wu is furthermore prohibited from engaging in any business or financial transactions or dealing involving investments or loans or other people's money. Mr. Wu is furthermore prohibited from engaging in any financial transaction

3

involving more than $500 without notifying his pretrial services officer in advance. This prohibition does not preclude Mr. Wu's counsel from communicating with or providing information to any victim of the offense or their counsel.

The intent of this provision is simple; to state in clear terms that, while on bond, Mr. Wu cannot continue to engage in the business or businesses (or anything like them) that he was previously engaged in. Mr. Wu understands and accepts this, and the defense does not object to this being made an explicit condition of his bond.

9. Additionally, Mr. Wu and his counsel have discussed and understand that access to the internet would not in any way, shape, or form permit Mr. Wu to delete or alter any evidence potentially relevant to this case that might exist anywhere. No specific bond condition is required addressing this; such actions, if undertaken by Mr. Wu or any other person, are already prohibited by multiple federal criminal statutes.

10. Counsel has communicated with Mr. Wu's supervising pretrial services officer, Mr. Pace Morrison, concerning these matters. Mr. Morrison reports that there have been no problems with compliance with conditions of bond so far. Pretrial services has no objection to the proposed modifications of the conditions of release moving Mr. Wu from home incarceration to curfew, and takes no position as to the other proposed modifications of conditions of bond.

11. Counsel is aware of the requirement attached to the order setting conditions of release that any request to modify conditions of release requires notice to the sureties and filing that notice with the Court. Mr. Wu's parents are sureties in this case. Counsel is also aware of the general prohibition against putting home addresses onto ECF.

Counsel plans to hand deliver this motion and a notice document to Mr. Wu's parents at their home, hopefully have them present in court, and figure out how to formally file the proof of notice at that time.

It is respectfully suggested that the proposed modifications of conditions of release would continue to ensure the appearance of the defendant and the safety of the community, while being true to the idea that bond conditions should be the least restrictive conditions necessary to do so. For all these reasons, defendant Wu respectfully requests this Court to modify his conditions of release to remove him from home incarceration and to place him on "curfew" status, and to permit some phone and internet use as outlined above.

          Respectfully submitted,

          FEDERAL DEFENDER PROGRAM
          John F. Murphy
          Executive Director

          By: *s/ Daniel J. Hesler*
              Daniel J. Hesler

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, IL   60603
(312) 621-8347

# **CERTIFICATE OF SERVICE**

     The undersigned,____Daniel J. Hesler____, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CIV.P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

DEFENDANT RAYMOND WU'S MOTION FOR
MODIFICATION OF CONDITIONS OF BOND

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on October 4, 2019, to counsel/parties that are non-ECF filers.

    Kou Liang Wu and Sandra Wu
    Sureties
    Chicago, IL
    **(BY HAND DELIVERY)**

                                  By: */s/Daniel J. Hesler*
                                      DANIEL J. HESLER
                                      FEDERAL DEFENDER PROGRAM
                                      55 E. Monroe St., Suite 2800
                                      Chicago, Illinois 60603
                                      (312) 621-8347