IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 852 |
| v. | ) | |
| | ) | Hon. Rebecca R. Pallmeyer |
| RAYMOND WU | ) | |

DEFENDANT RAYMOND WU'S MOTION FOR
MODIFICATION OF CONDITIONS OF BOND TO CURFEW STATUS

Defendant RAYMOND WU, by the FEDERAL DEFENDER PROGRAM and its attorney DANIEL J. HESLER, moves this Court to modify the conditions of bond for Mr. Wu by moving him from home incarceration to curfew. Mr. Wu has now been on bond for over ten months. There have been no problems whatsoever, and pretrial services supports this request for moving Mr. Wu from home incarceration to curfew. In support of this motion, defendant states the following:

    1.    On December 18, 2018, Raymond Wu was arrested in Los Angeles. He was removed to this district in custody. On April 3, 2019, Mr. Wu was released on $300,000 secured bond, with conditions including home incarceration with EM. Trial is currently set for August 17, 2020.

    2.    The command of the bond statute, at 18 U.S.C. §3142(c)(1), is that a defendant should be released on the least restrictive conditions necessary to reasonably ensure the appearance of the defendant and the safety of the

1

community. It is the defendant's assertion that the successful passage of time on bond often, or even usually, changes the calculus of what conditions are necessary to reasonably ensure the appearance of the defendant and the safety of the community. *See United States v. Hutchins,* 298 F. Supp. 3d 1205 (E.D. Wis. 2017) (Stadtmueller, J.) ("When defendants establish that they will abide by their obligation to appear in court, logic dictates that the justification for imposing the existing release conditions lessens. ... Put differently, if the Bail Reform Act requires no more than the least restrictive conditions needed to reasonably assure the defendant's appearance, then consistent compliance with existing conditions counsels in favor of reducing their severity on the theory that lesser conditions will suffice."). Additionally, this is the normal practice in this district; if someone is doing well, bond conditions tend to relax over time as a defendant demonstrates that they are worthy of a slightly greater degree of trust.

3. Mr. Wu is doing very well on bond. Over ten months have elapsed, and Mr. Wu has attended each court date on time. There have been no reported violations of any pretrial conditions, no positive drug tests, and no arrests or police contacts. He is now working two hourly jobs. Nothing that has happened since his release indicating any flight risk or danger to anyone, and ten months of the absence of such problems is significant evidence that such risks may not be as substantial as might have been feared last April.

4.      The defense is asking that he be moved from home incarceration (as modified) to curfew status, with hours to be set by pretrial services. Given that he is working as much as he is, this would not be a radical change. He is out of the house a lot even as things are. The biggest difference is that Mr. Wu would be able to occasionally do things other than work, including family errands, necessary shopping, taking his mother places, and outdoor exercise, and would be able to attend things like medical appointments without having to ask for explicit permission from pretrial. He would still remain on electronic monitoring, and if he were to flee, pretrial would be aware of it within minutes after he failed to return home by his scheduled hour. He would still remain confined to his parents' home for part of every day.

5.      It is the defense's argument, similar with the reasoning in *Hutchins*, that the passage of 10 months and the lack of any problems now indicate that the bond conditions which seemed necessary last April are no longer the least restrictive bond conditions that will suffice.

6.      Defense counsel has consulted with Mr. Wu's supervising pretrial services officer, Mr. Pace Morrison. Pretrial Service agrees with and supports this motion.

Wherefore, it is respectfully requested that Raymond Wu's conditions of bond be modified to change his present modified home incarceration status to curfew, with hours to be set by his supervising pretrial services officer.

                                          Respectfully submitted,

                                          FEDERAL DEFENDER PROGRAM
                                          John F. Murphy
                                          Executive Director

                                          By: *s/ Daniel J. Hesler*
                                                          Daniel J. Hesler

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, IL   60603
(312) 621-8347

## **CERTIFICATE OF SERVICE**

      The undersigned,<u>    Daniel J. Hesler    </u>, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CIV.P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

DEFENDANT RAYMOND WU'S MOTION FOR
MODIFICATION OF CONDITIONS OF BOND TO CURFEW STATUS

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>February 11, 2020</u>, to counsel/parties that are non-ECF filers.

      By:    */s/Daniel J. Hesler*
                  DANIEL J. HESLER
                  FEDERAL DEFENDER PROGRAM
                  55 E. Monroe St., Suite 2800
                  Chicago, Illinois 60603
                  (312) 621-8347