IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 18 CR 852 |
| v. ) | |
| ) | Hon. Rebecca R. Pallmeyer |
| RAYMOND WU ) | |

DEFENDANT WU'S EMERGENCY MOTION
TO WITHDRAW AS COUNSEL, APPOINT NEW COUNSEL,
AND EXTEND TIME FOR VOLUNTARY SURRENDER

Defendant RAYMOND WU, by the Federal Defender Program and its attorney, DANIEL HESLER, moves this Court to allow present counsel to withdraw, to appoint new counsel, and to extend the date on which Mr. Wu will be required to surrender himself to the custody of the Bureau of Prisons by 60 to 90 days. In further support of this motion, defendant states as follows:

1.  On February 22, 2022, this Court sentenced Mr. Wu to serve 66 months in the custody of the Bureau of Prisons. Mr. Wu was initially ordered to surrender himself into custody at the designated institution on Friday, April 22, 2022. That date was extended by 30 days because Mr. Wu had not been designated, and an additional 21 days because Mr. Wu came down with Covid-19. Mr. Wu has now been designated to FPC Montgomery, in Alabama, and has a reporting date of June 13, 2022.

1

2. As was pointed out to this Court in ECF #132 (at pg. 2-3), after the sentencing, the government returned Mr. Wu's property, which included his laptop. That was a surprise to Mr. Wu and current counsel. That laptop reportedly has all the emails and records relevant to this case, only a portion of which were recovered by the government in their investigation. *See* ECF #114 (defense sentencing memo noting in footnote 5 on page 9, that the records in this case were incomplete); ECF #124 (defense reply memo, at in footnote 4 on page 13, stating the same, and noting the absence of the laptop).

3. Present counsel and Mr. Wu have discussed the significance of that laptop. Had either the government or the defense realized that a whole lot more information was sitting in the government's custody, it is conceivable that this case might have proceeded differently. Defense counsel cannot currently say whether "differently" means better or worse, and it is also far from clear what if any procedural vehicle might exist to address anything if something does become clear. Additionally, it is possible that if such a vehicle did exist, it might involve an allegation of ineffective assistance of counsel, which present counsel does not rule out as a substantive possibility. That possibility creates a conflict of interest.

4. For these reasons, the defense is requesting that present counsel be given leave to withdraw, that new counsel from the Federal Defender Panel be

appointed to consult with Mr. Wu as to whether anything can or should be done, and that Mr. Wu's surrender date be set back by 60 to 90 days at this time.

     5.     Mr. Wu has been on bond for over three years without incident. He is willing to report as directed, but as a practical matter, he cannot take the laptop or its voluminous data into custody, and the extreme complexity of the underlying case render unworkable the remote representation that should take place. It is not clear if anything can or should be done about the laptop or any of the information on it at this point, but Mr. Wu and conflict-free counsel should be given a little time to consider things.

     6.     This is labeled an emergency motion simply because it is Tuesday, and Mr. Wu is supposed to turn himself in in Alabama next Monday. Counsel probably should have addressed this earlier, but Mr. Wu has recently gone through Covid, these conversations about options have taken a while to crystallize, and present counsel has a lot going on.

Therefore, it is respectfully requested that this Court allow present counsel to withdraw from this case, that new counsel be appointed for purposes of consulting with Mr. Wu, and that date on which Mr. Wu will be required to surrender himself into custody be extended by approximately 60 to 90 days.

        Respectfully submitted,

        FEDERAL DEFENDER PROGRAM
        John F. Murphy,
        Executive Director

        By:*/s/ Daniel J. Hesler*
           Daniel J. Hesler

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe Suite 2800
Chicago, IL 60603
(312) 621-8347

# CERTIFICATE OF SERVICE

     The undersigned, <u>Daniel J. Hesler</u>, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CIV.P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

DEFENDANT WU'S EMERGENCY MOTION
TO WITHDRAW AS COUNSEL, APPOINT NEW COUNSEL,
<u>AND EXTEND TIME FOR VOLUNTARY SURRENDER</u>

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>June 8, 2022</u>, to counsel/parties that are non-ECF filers.

                    By:   */s/Daniel J. Hesler*
                             DANIEL J. HESLER
                             FEDERAL DEFENDER PROGRAM
                             55 E. Monroe St., Suite 2800
                             Chicago, Illinois 60603
                             (312) 621-8347